UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**George L. Russell, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

October 11, 2016

MEMORANDUM TO PARTIES RE:           Erica S. White v. Housing Authority
                                                                           for Baltimore City
                                                                           Civil Action No. GLR-16-1965

Dear Parties:

      Pending before the Court is Defendant's, Housing Authority for Baltimore City ("HABC"), Request for Relief Based upon Dismissal of Underlying Action. (ECF No. 8). The Request is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant the Request.

      On May 11, 2016, Plaintiff Erica S. White filed suit against HABC in the Circuit Court for Baltimore City, Maryland alleging claims arising under various state and federal statutes, and the United States Constitution. (ECF No. 2). On June 8, HABC filed a Notice of Removal under 28 U.S.C. § 1441(b) and § 1443 (2012). (ECF No. 1). On that same day, HABC submitted a Certificate of Filing Notice of Removal ("the Certificate") to the Circuit Court for Baltimore City, but the court never docketed the Certificate. (ECF No. 8-2). On June 9, the Circuit Court dismissed White's action because the court denied her motion to waive prepayment of filing fee. (ECF No. 8-1). Accordingly, on June 14, when the Circuit Court received the Certificate, it did not docket it. (See ECF No. 8-2). Instead, the court returned the Certificate and informed HABC that the case was closed. (Id.). On July 7, HABC filed the present Request in this Court. (ECF No. 8).

      Under 28 U.S.C. § 1446(d), a removing defendant must serve notice of removal on its adversaries and "file a copy of the notice with the clerk of such State court, which shall effect the removal." In the Fourth Circuit, a state court loses jurisdiction "upon the filing of the petition [for removal] in the federal court and a copy in the state court." South Carolina v. Moore, 447 F.2d 1067, 1073 (4th Cir. 1971). The purpose of filing a copy of the removal petition with the state court is to give the state court "notice of the removal so that it can stay its proceedings and thereby avoid duplicitous and possibly inconsistent results in the same case." Delavigne v. Delavigne, 530 F.2d 598, 601 n.5 (4th Cir. 1976). "[T]hat purpose [is] achieved where the state court had actual notice of the removal." Id. Thus, when the state court docket does not reflect that a defendant filed notice, the defendant has not effected removal. See Johnson v. Citibank, N.A., 63 F.Supp.3d 545, 555 (D.Md. 2014) (finding that removal was effected when Citibank filed its Motion to Stay State Proceedings in the Circuit Court for Prince George's County, Maryland, not when Citibank filed an earlier notice of removal, because "the Circuit Court Docket does not reflect that the notice ever was filed in that court").

Here, HABC never effected removal because the Circuit Court for Baltimore City did not docket the Certificate.  See Johnson, 63 F.Supp.3d at 555; cf. Nieto v. Univ. of N.M., 727 F.Supp.2d 1176, 1184 (D.N.M. 2010) ("[T]here is generally no jurisdiction to remove closed cases, because if a case is closed, no case or controversy exists." (quoting Brown v. District Director, No. 01-D-1625, 2002 WL 1760847, at *4 (D.Colo. July 15, 2002))).  As such, the Court will grant HABC's Request.

For the foregoing reasons, HABC's Request for Relief Based upon Dismissal of Underlying Action (ECF No. 8) is GRANTED.  The Complaint (ECF No. 2) is DISMISSED.  Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly, CLOSE this case, and mail copies to White at her address of record.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge